UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEYLAND BRADLEY,

   Plaintiff,           Hon. Jane M. Beckering

v.                 Case No. 1:25-CV-1135

KALAMAZOO DEPARTMENT OF
PUBLIC SAFETY, et al.,

   Defendants.
_____/

## OPINION

Plaintiff initiated this action against Kalamazoo Department of Public Safety, Kalamazoo Public Defenders, MLive Media Group, Tyler Caldwell, Jeffrey Getting, Scott Wagenaar, and M. Zoe Hutchins.  (ECF No. 1).  Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   For the reasons articulated herein, Plaintiff's complaint will be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has

held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

 I. **Factual Allegations**

The allegations in Plaintiff's complaint, including the attachments thereto, reveal the following. Pursuant to an investigation regarding an unspecified crime, Plaintiff was arrested on February 19, 2025. Plaintiff "didn't deny being the suspect of the

2

alleged crime and gave a detailed statement." Plaintiff was subsequently charged with: (1) assault with intent to commit murder; (2) possession of a firearm while committing or attempting to commit a felony; (3) unlawfully possessing a firearm; and (4) being an habitual offender – fourth offense. These offenses were charged in *People v. Bradley*, Case No. 2025-0199-FC (9th Cir. Ct, Kal. Cnty.). Plaintiff also faced unspecified charges in *People v. Bradley*, Case No. 2025-0328-FC (9th Cir. Ct, Kal. Cnty.) and *People v. Bradley*, Case No. 2023-2130-FC (9th Cir. Ct, Kal. Cnty.).

Plaintiff was represented in these matters by the Kalamazoo Public Defender Office. Specifically, Defendant Hutchins represented Plaintiff in the 0328 and 2130 matters and Defendant Wagenaar represented Plaintiff in the 0199 matter. Plaintiff subsequently participated in a psychiatric examination to determine his competency to stand trial. The results of this examination are not known. On August 25, 2025, Plaintiff was sentenced to five years' incarceration in the 2130 matter, a determination which Plaintiff appealed. Plaintiff remains in the custody of the Kalamazoo County Jail awaiting resolution of the charges in the 0199 and 0328 matters. Plaintiff alleges that Defendants' conduct violated his rights under both state and federal law.

## II.   Federal Law Claims

Plaintiff alleges that Defendants' conduct during the course of the aforementioned criminal proceedings violated his federal constitutional rights. To the extent Plaintiff is challenging a criminal conviction secured in a state court, Plaintiff must first exhaust his available appeals in state court before seeking relief in federal court. *See* 28 U.S.C. § 2254(b). To the extent Plaintiff is challenging any current or pending prosecution, the

3

Court declines the invitation to interfere in an ongoing state court criminal matter. As has long been recognized, federal courts should abstain from interfering in on-going state criminal matters "unless extraordinary circumstances are present." *Marjamaa v. Mitchell*, No. 2:19-CV-197, 2019 WL 5853486, at *1–2 (W.D. Mich., Nov. 8, 2019) (citing *Younger v. Harris*, 401 U.S. 37, 44–55 (1971)). Plaintiff's allegations fall well short of establishing the sort of extraordinary circumstances which would justify interference by this Court in an on-going state criminal matter. *Marjamaa*, 2019 WL 5853486 at *2.

Plaintiff's conclusory allegations likewise fail to state a claim on which relief may be granted. Plaintiff's repeated assertion that his rights have been violated is insufficient as Plaintiff must allege facts, not merely advance unsupported legal conclusions. Plaintiff has failed to articulate what laws or rights Defendants have violated. Instead, Plaintiff merely asserts the conclusion that his rights were violated without articulating any facts sufficient to establish such. The Court, therefore, will dismiss Plaintiff's federal law claims.

### III.   State Law Claims

As noted, Plaintiff also asserts several state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Bah v. Attorney General of the State of Tenn.*, 610 F. App'x 547, 555 (6th Cir., May 8, 2015)

(same). As discussed above, Plaintiff's federal law claims must be dismissed. Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state law claims and instead dismisses such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons discussed herein, the Court dismisses Plaintiff's federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and instead dismisses such without prejudice. The Court further finds that an appeal of this determination would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An Order consistent with this Opinion will enter.

Dated: October 15, 2025
/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge